IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|   |   |
|---|---|
| THE NEW YORK TIMES COMPANY<br><br>                Plaintiff,<br><br>v.<br><br>LODSYS, LLC<br><br>                Defendant. | **C.A. No. 11 CV 4004**<br><br>Judge:<br><br>Magistrate Judge:<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, The New York Times Company ("The Times"), by and through the undersigned counsel, files this complaint for declaratory judgment against Defendant, Lodsys, LLC ("Lodsys"), and alleges as follows:

### NATURE OF ACTION

1. This is an action for a declaratory judgment that The Times does not infringe any valid claim of United States Patent Nos. 5,999,908 ("the '908 patent"), 7,133,834 ("the '834 patent"), 7,222,078 ("the '078 patent"), and 7,620,565 ("the '565 patent") (collectively, the "Asserted Patents"), and for a declaratory judgment that the claims of each of the Asserted Patents are invalid.

2. A true and correct copy of the '908 patent is attached hereto as Exhibit A.

3. A true and correct copy of the '834 patent is attached hereto as Exhibit B.

4. A true and correct copy of the '078 patent is attached hereto as Exhibit C.

5. A true and correct copy of the '565 patent is attached hereto as Exhibit D.

## THE PARTIES

6. Plaintiff, The Times, is a New York corporation with its principal place of business at 620 Eighth Avenue, New York, New York, 10018. The Times publishes the newspaper The New York Times and operates a website at www.nytimes.com. The Times does business throughout the United States, including in this judicial district.

7. On information and belief, Defendant, Lodsys, is a Texas limited liability company having a principal place of business at 800 Brazos Street, Suite 400, Austin, Texas 78701.

8. On information and belief, Mark Small is the Chief Executive Officer and sole employee of Lodsys, residing in the greater Chicago, Illinois area.

## JURISDICTION AND VENUE

9. This action arises under the patent laws of the United States, Title 35 of the United States Code (35 U.S.C. § 1, et seq.), and under the Federal Declaratory Judgment Act (28 U.S.C. §§ 2201 and 2202). This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a) 2201 and 2202.

10. Upon information and belief, this Court has personal jurisdiction over Lodsys because Lodsys' Chief Executive Officer and sole employee resides in, and conducts business from, this Judicial District.

11. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and/or 1400.

## THE PRESENCE OF AN ACTUAL CONTROVERSY

12. On May 13, 2011, Mark Small, CEO of Defendant, sent a letter to Mr. Robert Christie at The Times. A copy of this letter is attached hereto as Exhibit E.

13. The May 13, 2011 letter stated:

[w]e have reviewed your use of the Lodsys Patents and have prepared the

enclosed claim chart demonstrating at least one instance of how you utilize the inventions embodied in the Lodsys Patents. The images used in the charts are representative only and in addition to the charted claim of the referenced patent, you should consider the remaining claims of that patent and the other Lodsys patents both with respect to the charted utilization and to other products and services offered by you.

14. The May 13, 2011 letter also stated:

[w]e are interested in reaching a negotiated non-litigation licensing arrangement with you for all of your uses of the Lodsys Patents under your brand names and would like to discuss this matter with you within 21 days of your receipt of this letter.

15. The May 13, 2011 letter also stated that Lodsys has " retained the firms of Kelley, Donion, Gill, Huck & Goldfarb PLLC (www.kdg-law.com) based in Seattle, Washington, and The Davis Firm, P.C. (www.bdfirm.com) based in Longview, Texas, to assist the company in licensing of the Lodsys Patents.

16. The May 13, 2011 letter also stated:

Lodsys LLC reserves all rights with regard to the '908, '834, '078, and '565 patents, including: (1) the right to seek damages anytime within the last six years that your company started to make use of Lodsys' patented technology; (2) the right to change its royalty rates at any time; (3) the right to change this licensing program at any time without notice, including variance to conform to applicable laws. You should not rely on any communication or lack of communication from Lodsys, Kelley, Donion, Gill, Huck & Goldfarb, PLLC, or The Davis Firm Group as a relinquishment of any of Lodsys' rights.

17. The May 13, 2011 letter also included an "Infringement Claim Chart," setting forth how the alleged use of The Times' website infringes claim 1 of the '078 patent.

18. Upon information and belief, Lodsys is solely a licensing entity, and without enforcement it receives no benefits from the Asserted Patents.

19. On February 11, 2011, Lodsys filed a lawsuit against 12 companies alleging infringement of the Asserted Patents. That case is styled *Lodsys, LLC v. Brother International*

3

*Corporation, et al.*, Case No. 2:11-cv-90 and is pending in the Eastern District of Texas, Marshall Division.

20. On May 31, 2011, Lodsys filed another lawsuit in the Eastern District of Texas against ten additional companies, all developers of Apple Inc. iPhone applications, alleging infringement of the Asserted Patents. The case is styled *Lodsys, LLC v. Combay, Inc., et al.*, C.A. No. 2:11-cv-272.

21. On June 10, 2011, Lodsys filed another lawsuit against ten additional companies, alleging infringement of the Asserted Patents. The case is styled *Lodsys, LLC v. Adidas America, Inc., et al.*, C.A. No. 2:11-cv-283.

22. In all three Texas cases, counsel of record to Lodsys are Kelley, Donion, Gill, Huck & Goldfarb, PLLC, based in Seattle, WA, and The Davis Firm, P.C., based in Longview, Texas.

23. An actual controversy exists between The Times and Lodsys with respect to whether The Times' website, www.nytimes.com, infringes the Asserted Patents.

24. The Times reasonably believes that, under all of the circumstances, there is a substantial controversy between The Times and Lodsys of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## COUNT I

**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '908 PATENT**

25. The allegations of paragraphs 1-24 are incorporated by reference as if fully set forth herein.

26. The Times' website, www.nytimes.com, does not infringe any valid claim of the '908 Patent.

## COUNT II

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '834 PATENT

27. The allegations of paragraphs 1-24 are incorporated by reference as if fully set forth herein.

28. The Times' website, www.nytimes.com, does not infringe any valid claim of the '834 Patent.

## COUNT III

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '078 PATENT

29. The allegations of paragraphs 1-24 are incorporated by reference as if fully set forth herein.

30. The Times' website, www.nytimes.com, does not infringe any valid claim of the '078 Patent.

## COUNT IV

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '565 PATENT

31. The allegations of paragraphs 1-24 are incorporated by reference as if fully set forth herein.

32. The Times' website, www.nytimes.com, does not infringe any valid claim of the '565 Patent.

## COUNT V

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '908 PATENT

33. The allegations of paragraphs 1-24 are incorporated by reference as if fully set forth herein.

34. The Times' website, www.nytimes.com, does not infringe any valid claim of the

'908 Patent. Assertions of infringement cannot be maintained consistently with statutory conditions of patentability and statutory requirements for disclosure and claiming that must be satisfied for patent validity under at least one of 35 U.S.C. §§ 101, 102, 103, and 112.

## COUNT VI

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '834 PATENT

35. The allegations of paragraphs 1-24 are incorporated by reference as if fully set forth herein.

36. The Times' website, www.nytimes.com, does not infringe any valid claim of the '834 Patent. Assertions of infringement cannot be maintained consistently with statutory conditions of patentability and statutory requirements for disclosure and claiming that must be satisfied for patent validity under at least one of 35 U.S.C. §§ 101, 102, 103, and 112.

## COUNT VII

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '078 PATENT

37. The allegations of paragraphs 1-24 are incorporated by reference as if fully set forth herein.

38. The Times' website, www.nytimes.com, does not infringe any valid claim of the '078 Patent. Assertions of infringement cannot be maintained consistently with statutory conditions of patentability and statutory requirements for disclosure and claiming that must be satisfied for patent validity under at least one of 35 U.S.C. §§ 101, 102, 103, and 112.

## COUNT VIII

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '565 PATENT

39. The allegations of paragraphs 1-24 are incorporated by reference as if fully set forth herein.

40. The Times' website, www.nytimes.com, does not infringe any valid claim of the '565 Patent. Assertions of infringement cannot be maintained consistently with statutory conditions of patentability and statutory requirements for disclosure and claiming that must be satisfied for patent validity under at least one of 35 U.S.C. §§ 101, 102, 103, and 112.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff The Times prays that:

A. The Court declare that The Times does not infringe any valid claim of the '908 patent;

B. The Court declare that the assertions of infringement of the '908 patent cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

C. The Court declare that the claims of the '908 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

D. The Court declare that The Times does not infringe any valid claim of the '834 patent;

E. The Court declare that the assertions of infringement of the '834 patent cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

F. The Court declare that the claims of the '834 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

G. The Court declare that The Times does not infringe any valid claim of the '078

patent;

H. The Court declare that the assertions of infringement of the '078 patent cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

I. The Court declare that the claims of the '078 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

J. The Court declare that The Times does not infringe any valid claim of the '565 patent;

K. The Court declare that the assertions of infringement of the '565 patent cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

L. The Court declare that the claims of the '565 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

M. The Times be awarded its costs in this action;

N. The Times be awarded its attorneys fees pursuant to 35 U.S.C. § 285; and

O. The Times be awarded such other and further relief as this Court deems is just and proper.

## DEMAND FOR A JURY TRIAL

The Times hereby demands a trial by jury in this action.

Dated: June 13, 2011                    Respectfully Submitted,

                                                   /s/ James R. Figliulo
James R. Figliulo (#6183947)
FIGLIULO & SILVERMAN, P.C.
Ten South Lasalle Street, Suite 3600
Chicago, IL 60603
(312) 251-4600

Steven Lieberman
Jenny L. Workman
ROTHWELL, FIGG, ERNST & MANBECK, PC
1425 K Street, N.W., Suite 800
Washington, D.C. 20005
(202) 783-6040

*Attorneys for Plaintiff*
*The New York Times Company*