IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE NEW YORK TIMES COMPANY | ) |
| Plaintiff, | ) No. 11 CV 4004 |
| v. | ) Judge Ronald Guzman |
| LODSYS, LLC | ) |
| Defendant. | ) |

**PLAINTIFF'S MOTION FOR LEAVE TO TAKE DISCOVERY
LIMITED TO THE ISSUES OF PERSONAL JURISDICTION AND VENUE**

Plaintiff, The New York Times Company ("The Times"), respectfully requests leave to take discovery of Defendant Lodsys, LLC ("Lodsys") prior to briefing its opposition to Lodsys's pending motion to dismiss, limited to the issues of personal jurisdiction and venue addressed therein. Such limited discovery is warranted here because publicly available information contradicts the averments in Lodsys's motion to dismiss, and the declaration of Mark Small filed in support of that motion.[1] Specifically, The Times seeks narrowly-tailored written discovery and deposition testimony directed to the issues of personal jurisdiction and venue. In support of this motion, The Times states as follows:

1. On June 13, 2011, The Times filed a complaint for declaratory judgment of non-infringement of U.S. Patent Nos. 5,999,908, 7,133,834, 7,222,078 and 7,620,565 (the "Asserted

---

[1] Lodsys also moved to dismiss the complaints filed by Declaratory Judgment Plaintiffs ForeSee Results, Inc., LivePerson, Inc., and OpinionLab, Inc. in the following related declaratory judgment actions, which have been reassigned to the Honorable Ronald Guzman: *ForeSee Results, Inc. v. Lodsys, LLC*, No. 11-cv-3886; *LivePerson, Inc. v. Lodsys, LLC*, No. 11-cv-4088; and *OpinionLab, Inc. v. Lodsys, LLC*, No. 11-cv-4015. These Plaintiffs agree to work together in a joint discovery effort with The Times on the issues

-1-

Patents"). Defendant Lodsys is a non-practicing entity, which is in the business of licensing and enforcing the Asserted Patents. To date, a substantial portion of such licensing and enforcement activity has been undertaken or directed by Lodsys's CEO Mark Small. In bringing its Complaint, The Times relied on a public representation made by Mark Small – namely, that in his capacity as the CEO of Lodsys, he resides in the Greater Chicago Area.

2. On July 21, 2011, Lodsys filed its amended motion to dismiss The Times' complaint for lack of personal jurisdiction and improper venue (Dkt. 18), which relies on the memorandum in support filed on July 5, 2011 (Dkt. 6). Lodsys generally asserts that it has insufficient contacts with the State of Illinois or this District that constitute a basis for personal jurisdiction or venue. However, Lodsys makes no particular affirmative statements in support of its assertion. Instead, Lodsys offers a conclusory declaration provided by Mark Small which fails to include documentary support, and conflicts with Mr. Small's own prior public representation.

3. Based on Mr. Small's declaration, the factual record has been made unclear as to whether he resides or does business in Wisconsin, Illinois or both. Thus, the factual record is ambiguous, at best, as to whether jurisdiction and venue are proper in this jurisdiction. Accordingly, the Court should permit The Times an opportunity to investigate the purported factual bases for Lodsys's motion, and to present the facts that will confirm the appropriateness of asserting jurisdiction over Lodsys in Illinois.

4. Courts in this District regularly allow discovery on jurisdictional issues. *See, e.g.*, *Sitrick v. Freehand Systems, Inc.*, No. 02-CV-1568, 2004 U.S. Dist. LEXIS 5292, at *2 (N.D. Ill. March 31, 2004) ("the Court allowed Sitrick to conduct discovery on the issue of jurisdiction

---

of personal jurisdiction and venue raised by Lodsys's respective motions to dismiss for lack of personal jurisdiction and venue; similar motions have therefore been filed in each of these co-pending cases.

alone"); *P.H. Int'l Trading Co. v. Christia Confeszioni S.P.A.*, No. 04-CV-903, 2004 U.S. Dist. LEXIS 19191, at *2 (N.D. Ill. Sept. 24, 2004) ("the district court subsequently extended briefing on the motion to dismiss to allow the parties to take discovery on the jurisdiction issue"); *see also Central States, Southeast and Southwest Areas Pension Fund v. Phencorp Reinsurance Co.*, 440 F.3d 870, 875-878 (7th Cir. 2006) (reversing dismissal and finding that district court abused discretion in denying plaintiffs request for discovery).

5. In order to obtain jurisdictional discovery, The Times need only establish a *prima facie* case for personal jurisdiction. *Cent. States, Se. & Sw. Areas Pension Fund v. Phencorp Reinsur*, 440 F.3d 870, 876-77 (7th Cir. 2006) (finding that district court abused discretion in denying jurisdictional discovery, and noting that "[s]ince [plaintiff] was denied the opportunity to engage in discovery, it is not surprising that it can do little more than suggest that [defendant] currently has minimum contacts with the United States"). "In the procedural posture of a motion to dismiss a district court must accept the uncontroverted allegations in the plaintiff's complaint as true and resolve any factual conflicts in the affidavits in the plaintiff's favor." *Trading Techs. Int'l*, 2011 U.S. Dist. LEXIS 33552 at *9 (quoting *Elecs. For Imaging*, 340 F.3d at 1349). "Generally, courts grant jurisdictional discovery if the plaintiff can show that the factual record is at least ambiguous or unclear on the jurisdiction issue." *Ticketreserve, Inc. v. Viagogo, Inc.*, 656 F. Supp. 2d 775, 782 (N.D. Ill. 2009).

6. Here, Mr. Small's declaration directly conflicts with his own pre-litigation public representations, upon which The Times relied in its Complaint. In his LinkedIn® profile at the time The Times filed its complaint, Mr. Small, represented that he was the CEO of Lodsys, and that he resided in the greater Chicago area. (Ex. 1). Now, to support of Lodsys's litigation-driven position, Mr. Small eschews any contacts with Illinois. At the very least, Mr. Small's

representations regarding his apparent contacts with Illinois, whether past or present, provide a *prima facie* basis for allowing discovery on issues related to personal jurisdiction.

7. Furthermore, conspicuously absent from both Mr. Small's declaration and Lodsys's motion are any affirmative statements that Lodsys has not conducted business in Illinois. Instead, Mr. Small's declaration is apparently crafted to avoid providing definitive averments regarding facts central to the issues of personal jurisdiction and venue. Providing The Times the opportunity to explore these issues would aid the Court in determining whether it has proper jurisdiction over Lodsys.

8. Lodsys also conspicuously fails to deny that it has agreements to license the Patents In Suit with companies residing and/or doing business in Illinois. The nature of those licensing agreements and Lodsys' relationships with companies doing business here bears on whether Lodsys has sufficient minimum contacts with the jurisdiction. *See Avocent Huntsville Corp.*, 552 F.3d at 1334 (citing *Campbell Pet Co. v. Miale,* 542 F.3d 879, 886 (Fed. Cir. 2008)) (examples of activities that may subject a defendant to jurisdiction include initiating judicial or extra-judicial patent enforcement within the forum, or entering into an exclusive license agreement or *other undertaking which imposes enforcement obligations with a party residing or regularly doing business in the forum.*") (emphasis supplied) (citation omitted). Discovery into these issues should be permitted. Accordingly, this Court should allow The Times to take discovery relating to the business activities of Lodsys to ascertain the veracity of the allegations in Mr. Small's declaration and Lodsys' motion to dismiss.

9. The Times should also be allowed to take discovery on the objectively baseless nature of the infringement claims in Lodsys' cease and desist letters because proof of bad faith activities directed towards residents or businesses headquartered in Illinois would support

jurisdiction. *See, e.g., International Electronics, Inc. v. Human Electronics, Inc.*, 320 F. Supp. 2d 1085, 1089 (W.D. Wash. 2004).

10. The Times' request for jurisdictional discovery is not made for purposes of delay, but rather to aid in the orderly resolution of Lodsys's motion to dismiss. Evidence, exclusively in the hands of the Lodsys and Mr. Small, will likely confirm that the Lodsys has, itself or through its licensees and agents, the minimum contacts with the State of Illinois sufficient to find personal jurisdiction here.

## CONCLUSION

For the foregoing reasons, The Times respectfully requests that the Court enter an Order allowing a 60-day period to conduct jurisdictional discovery. Further, The Times requests that the Court enter an Order permitting The Times to: (1) propound document requests, interrogatories and requests for admissions directed to the issues of personal jurisdiction and venue; and (2) depose both Mr. Small and Lodsys through a Fed. R. Civ. P. 30(b)(6) deposition.

Dated: July 22, 2011
Respectfully submitted,

THE NEW YORK TIMES COMPANY

By: /s/ James R. Figliulo

Steven Lieberman
Jenny L. Workman
ROTHWELL, FIGG, ERNST & MANBECK
1425 K. Street, N.W., Suite 800
Washington, DC 20005
Telephone: (202) 783-6040
Facsimile: (202) 783-6031

James R. Figliulo (#6183947)
Sara A. Paguia (#6291870)
FIGLIULO & SILVERMAN, P.C.
10 S. LaSalle Street, 36th floor
Chicago, IL 60603
Telephone: (312) 251-4600
Facsimile: (312) 251-4610

-6-

## CERTIFICATE OF SERVICE

      The undersigned, an attorney, certifies that a copy of the attached **Plaintiff's Motion For Leave To Take Discovery Limited To The Issues Of Personal Jurisdiction And Venue** was caused to be served upon all counsel listed below on July 22, 2011 via electronic mail pursuant to Federal Rule of Civil Procedure 5(b)(2)(E) and Local Rules 5.5(a)(3) and 5.9.

*Counsel*

Michael R. La Porte
FLACHSBART & GREENSPOON, LLC
333 N. Michigan Avenue, Suite 2700
Chicago, IL 60601

                          /s/      Sara A. Paguia